## SOUTHERN RAILWAY COMPANY *v.* BARFIELD.

LUMPKIN, J. 1. In a suit for malicious prosecution, where the plaintiff testified in substance that he was prosecuted for the larceny of certain iron pipes which had been given to him by the agent of the railway company, and that a "law agent" of the defendant who "looked after" its litigation and looked up witnesses and the like, and who was acting in ·this case, negotiated in regard to a settlement, which would include the retention of the plaintiff in the employment of the defendant, and on failure of its consummation the plaintiff urged that a trial be had, but this was delayed from time to time, there was no reversible error, if error at all, in allowing the plaintiff to testify that the "law agent" gave him as a reason why the case was not tried that an official of the railway company in Washington said that the case was handled too quickly.

(*a*) This is true although the plaintiff also testified that the "law agent" of the defendant was working in his behalf before he was "held out of service."

2. Where the plaintiff was arrested on a warrant procured by the agent of

the defendant, and was bound over by a magistrate to a city court, there was no error in admitting a transcript from the records of the city court showing that a prosecution against the defendant for a misdemeanor was dismissed in that court, together with evidence that there was no criminal case against the plaintiff in that court except the one growing out of the transaction involved in the present case.

3. The criticism on the charge of the court as to what was necessary to be shown in order to authorize a recovery by the plaintiff was without merit.

4. The verdict was authorized by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
FEBRUARY 13, 1913.

Action for damages. Before Judge Maddox. . Floyd superior court. December 6, 1911.

*Maddox, McCamy & Shumate* and *George A. H. Harris & Son,* for plaintiff in error.

*Henry Walker, C. T. Clements,* and *Denny & Wright,* contra.